UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JEFFERY PAUL, | ) | |
| | ) | |
| Plaintiff, | ) | 2:12-cv-01872-JCM-PAL |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| BUREAU OF PRISONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This is a prisoner civil rights action. Plaintiff is a prisoner in federal custody in Indiana. His application to proceed *in forma pauperis* is incomplete; the financial certificate is not completed and signed by an authorized corrections officer and he has not included the institutional account statements. *See* 28 U.S.C. § 1915(a)(1)-(2); Local Rules of Special Proceedings 1-1, 1-2. Morever, as set forth below, the court must dismiss the complaint with prejudice as factually frivolous. The court now reviews the complaint.

**I. Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are

1  frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from
2  a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se* pleadings,
3  however, must be liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler,* 627
4  F.3d 338, 342 (9th Cir. 2010); *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).
5  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right
6  secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation
7  was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).
8  	In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation
9  Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of
10 poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may
11 be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.
12 § 1915(e)(2).  Dismissal of a complaint for failure to state a claim upon which relief can be granted is
13 provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under
14 § 1915 when reviewing the adequacy of a complaint or an amended complaint.  When a court dismisses
15 a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions
16 as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could
17 not be cured by amendment.  *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).
18 	Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v.*
19 *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim
20 is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that
21 would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making
22 this determination, the court takes as true all allegations of material fact stated in the complaint, and the
23 court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d
24 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than
25 formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404
26 U.S. 519, 520 (1972) (per curiam); *Hebbe*, 627 F.3d at 342.  While the standard under Rule 12(b)(6)

does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Instant Complaint**

Plaintiff, who is in federal custody in Terre Haute, Indiana, has sued the Bureau of Prisons, United States Attorney General Eric Holder, and other U.S. officials. In count I, plaintiff mentions effective assistance of counsel without meaningful explanation but also states "staff are explicitly obligated to resolve grievance, petitioner is disabled. Petitioner repeatedly instructed staff to resolve violations of disenfranchisement; civil attempted to reform authority which was acknowledged as a deputy/agent in fact during a juvenile investigation orientation for armed services placement . . . ." In count II plaintiff states "staff assume ensignia [sic] of state offices of note; with immunity (supposedly); but do not resolve complaints seem to play counter intelligence paradigms . . . ." In count

III he states "petitioner cannot pursue disclosure or redress from grievance without paradox, penalty from a discretion of subordinates who are only partially aware of objectives premises in previously submitted complaints."

The court cannot discern any allegations that could possibly state a claim under 42 U.S.C. § 1983, or indeed that state any legal cause of action.  Lack of an application to proceed *in forma pauperis* notwithstanding, the court finds that plaintiff's allegations are factually frivolous.  This complaint must be dismissed with prejudice as frivolous, as it is clear from the face of the complaint that the deficiencies cannot be cured by amendment.

The court notes finally that it appears that plaintiff, a federal prisoner in Indiana, has filed this action in an incorrect venue.[1]

### III.  Conclusion

**IT IS THEREFORE ORDERED** that the clerk shall **FILE** the complaint (ECF #1-1).

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED with prejudice** as delusional and factually frivolous.

**IT IS FURTHER ORDERED**  that plaintiff's motion for *in forma pauperis* (ECF #1) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT** accordingly and close this case.

DATED November 13, 2012.

UNITED STATES DISTRICT JUDGE

---

[1] The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C.  §  1391(b).